W. S. MENDENHALL v. F. K. ROBINSON *et al.*
No. 10535.

1. JUDGMENT AGAINST EXECUTRIX —*Revival.* A judgment against
an executrix in her representative capacity only does not bind her
personal estate, and an order reviving such judgment against her
personal representative, made after her death, is unauthorized.

2. ORDER OF REVIVOR — *Vacating.* Such an order of revivor, made
on an unauthorized waiver of notice and consent to the revivor,
made by an attorney under a misapprehension as to his authority
to appear in the matter, may be set aside by the district court, on
motion duly filed.

*Error from Cowley District Court.*

ON the 16th day of July, 1891, the plaintiff in error
recovered a judgment against The Hackney Land and
Building Company, A. Gertrude Robinson, as execu-
trix of the last will and testament of M. L. Robinson,
deceased, and 12 others, for the sum of $16,303. The
third amended petition, on which the case was tried,
alleged that M. L. Robinson had entered into a con-
tract for the purchase of certain real estate from the
plaintiff, under which he became jointly liable with

the other defendants for the purchase price thereof, and "that after the making of the contract aforesaid, and of the notes, mortgages and conveyances aforesaid, the said M. L. Robinson departed this life, and his wife, the defendant, A. Gertrude Robinson, was duly appointed executrix of his estate, and is such at this time." There were no averments in the petition showing the personal liability of A. Gertrude Robinson for the debt of her deceased husband, and the petition concluded with a prayer for judgment against the other defendants and her as executrix of her deceased husband. On the 29th of July, 1894, A. Gertrude Robinson died testate, and on the 31st day of the same month her will was duly admitted to probate, and on the 15th day of September, 1894, F. K. and Roy M. Robinson were duly appointed and qualified as executors of her will. By the terms of the will F. K. and Roy M. Robinson were appointed executors, and made residuary legatees; and, having executed a bond under section 5 of the act respecting executors and administrators, the estate was delivered to them. On the 16th of April, 1895, a motion was made by the plaintiff to revive the judgment against F. K. and Roy M. Robinson. A written waiver of notice of the motion and consent to such revivor, to which the names of Madden & Buckman and John A. Eaton, as attorneys for the Robinsons, were affixed, was filed with the motion, and thereupon, on the 1st of May, 1895, an order was entered reviving the judgment against F. K. and Roy M. Robinson, as successors in interest of M. L. Robinson and A. Gertrude Robinson, deceased. On the 13th of July, 1895, a motion was filed to set aside this order, on the ground that the waiver of notice and consent to the revivor were made without authority, and that they were not the proper

persons against whom a revivor could be had. On the 24th of September, 1895, this motion came on for hearing, and evidence was introduced by both parties, from which it appeared that, on the 25th of April, 1887, A. Gertrude Robinson filed in the probate court her bond as executrix and residuary legatee of the will of her deceased husband, M. L. Robinson, in the penal sum of $3,000, conditioned for the payment of the debts and legacies due from his estate, and that upon filing such bond the estate was ordered to be delivered to her. After the death of said A. Gertrude Robinson, and on the 8th day of October, 1894, F. K. and Roy M. Robinson filed in the probate court their bond as executors and residuary legatees of said A. Gertrude Robinson in the penal sum of $15,000, conditioned for the payment of the debts and legacies of her estate, and thereupon the court ordered such estate to be delivered to them. It appeared, also, from the evidence that the waiver of notice and consent to revivor was signed by John A. Eaton. It appears from the testimony that he had authority to represent the Robinsons in the case of John A. Eaton and others against W. S. Mendenhall and others, pending in this court, but there was testimony to the effect that he was not their general attorney, and had no authority to appear for them on the motion to revive the judgment in the district court. The district court sustained the motion to set aside the order of revivor, and of this order setting aside the order reviving the judgment against F. K. and Roy M. Robinson the plaintiff complains in this court. The opinion herein was filed April 11, 1896.

*John W. Shartel,* and *McDermott & Johnson,* for plaintiff in error.

*Madden & Buckman,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J. : The question discussed at length in the brief for the plaintiff in error is not presented by the record before us. The extent of the personal liability incurred by A. Gertrude Robinson to the plaintiff by giving a bond to pay the debts and legacies due under the will of her deceased husband might have been determined when this action was tried on its merits, if the petition had contained proper averments charging a personal liability ; but the petition contained no such averments. Judgment was asked and rendered against A. Gertrude Robinson in her representative capacity only. There was no personal judgment asked or rendered against her, and the representatives of her personal estate are not the proper parties against whom a revivor may be had. (*Insley v. Shire*, 54 Kan. 793.) Whether the facts we have stated disclose a personal liability against F. K. and Roy M. Robinson for the full amount of the indebtedness of M. L. Robinson to the plaintiff, which might be enforced in an action brought for that purpose, we need not now determine, because the record does not raise the question.

In passing on the motion, the court made no special findings, but determined that the order of revivor ought to be set aside. We might perhaps with entire propriety rest our affirmance of the order on the ground that no notice of the application to revive had been given. We think the consent to a revivor, given by an attorney without express authority from his client, ought not to preclude the client from a hearing on the merits of the application, and especially so where the authority of the attorney to act at all in the matter is doubtful. Affirmed.

All the Justices concurring.